UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

IKIA JOHNSON,

                              PLAINTIFF,    **COMPLAINT**

                                           **ECF CASE**

     -AGAINST-

NEW YORK CITY AND POLICE OFFICER JOHN DOE,
individually, and in his capacity as a member of the New
York City Police Department,

                              DEFENDANTS.

-------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Ms. Ikia Johnson ("Ms. Johnson"), seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claim arises from an incident that occurred on or about March 27, 2011, in which an officer of the New York City Police Department acting under color of state law, intentionally and willfully subjected Ms. Johnson to *inter alia*, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant New York City is located within, and the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Ms. Johnson is a United States citizen and at all times here relevant resided at 11157 145th Street, Jamaica, New York, NY 11435.

7. Police Officer John Doe ("PO John Doe") at all times here relevant was a member of the New York City Police Department, and is sued in his individual and professional capacities.

8. New York City is a municipal corporation organized under the laws of the State of New York

9. At all times mentioned, defendants were acting under color of state law under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Johnson is a 22-year-old African American female.

11. On or about March 26, 2011, Ms. Johnson was attending a barbeque at the home of her cousin, Mr. Devon Williams, which is located on Beach 32nd Street, Far Rockaway, New York.

12. At approximately 1:30 am on March 27, 2011, Ms. Johnson was outside of her cousin's home with a group of guests from the barbeque including her sister, Tiffany Johnson, her cousin Jean Ramal, Taquan Williams, and her friend Rushane Bernard ("Mr. Bernard").

13. A number of male police officers, some in uniform and others in plain clothes, approached Ms. Johnson and the group.

14. The police officers told Mr. Bernard to come towards them.

15. Mr. Bernard approached the police officers and the police officers conducted a search of Mr. Bernard.

16. The police officers found nothing on Mr. Bernard.

17. The police officers then approached Ms. Johnson and told her that she would be searched.

18. Ms. Johnson requested that she only be searched by a female police officer.

19. The police officers refused Ms. Johnson's request and accused her of being a male.

20. Ms. Johnson was upset and embarrassed by the police officers' accusations.

21. Several of the guests from the barbeque informed the police officers that Ms. Johnson was female and suggested to the police officers that she empty her pockets.

22. Ms. Johnson repeated her demand to be searched by a female police officer.

23. In response, and without warning, PO John Doe grabbed Ms. Johnson by the vagina.

24. Ms. Johnson objected to PO John Doe's grabbing of her vagina.

25. Without justification, PO John Doe then punched Ms. Johnson in her eye.

26. PO John Doe then arrested Ms. Johnson without legal justification or probable cause.

27. At approximately 2:00 am on March 27, 2011, Ms. Johnson was taken to the 101st Precinct.

28. Ms. Johnson was then taken to a hospital, however she was not examined and only given an ice pack.

29. At approximately 11:00 am on March 27, 2011, Ms. Johnson was arraigned on the charge of disorderly conduct.

30. Ms. Johnson's case was adjourned in contemplation of dismissal.

31. After leaving Queens Criminal Court, Ms. Johnson went to Franklin Hospital where she was diagnosed with a fractured eye socket.

32. Ms. Johnson continues to feel traumatized by the events of March 27, 2011, and is wary and fearful when she sees NYPD officers. Ms. Johnson takes efforts to avoid police officers when in public.

33. As a result of the incident, Ms. Johnson suffered a fractured eye-socket, severe facial bruising, a blood clot, and continues to suffer from migraines and physical pain.

34. Ms. Johnson feels fear, anxiety, emotional distress, frustration, embarrassment, humiliation, loss of liberty, and financial loss as a result of the incident.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

35. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

36. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

37. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

38. Defendants unreasonably and unjustifiably confined plaintiff.

39. Plaintiff was aware of, and did not consent to, her confinement.

40. The confinement was not privileged.

41. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $150,000.00

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

42. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

43. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

44. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

45. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed $1,000,000.00.

## JURY DEMAND

46. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal to or exceeding $150,000.00 for plaintiff's first cause of action and at least equal to or exceeding $1,000,000.00, for plaintiff's second cause of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         December 19, 2011

By: _____
    Duncan Peterson

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075

6