UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IKIA JOHNSON,

                              PLAINTIFF,

              -AGAINST-

NEW YORK CITY AND POLICE OFFICER
JOSEPH VILLALTA, individually, and in his
capacity as a member of the New York City Police
Department.

                             DEFENDANTS.

-----------------------------------------------------------------X

**MEMORANDUM
OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES & COSTS**

11- CV-06176 (ENV)(CLP)

**MEMORANDUM
OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES & COSTS**

                            **PETERSONDELLECAVE, LLP**
                            Duncan Peterson
                            233 Broadway, Suite 1800
                            New York, New York 10279
                            (212) 240-9075

                            *Attorneys for Plaintiff Ikia Johnson*

Dated: September 22, 2014

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................. 1

THE COURSE OF THE LITIGATION .......................................................................... 3

ARGUMENT ........................................................................................................ 4

CONCLUSION ..................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                                                 **Page(s)**

*Hensley v. Eckhart*, 461 U.S. 424, 429 (1983). ............................................................... 2
*City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986)…………………..……………..2
*Luciano v. Osten Corp.*,109F3d 111 (2d Cir. 1997). ……………………………………..5
*Perdue v. Kenny A*, 45  U.S., 130 S.Ct 1662 (2010)…………………………………….5
*Blum v. Stencon*, 465 U.S. 886, 895 (1984)).. …………………………………………..5
*A.R. v NYC Dep't of Education* 407 F.3d 65, 83 (2d Cir. 2005). ………………………5
*Hassan v. New York City et al.* 11-CV-05382 ………………………………….………..6
*Faulk v City of Yonkers*, 12-CV-5120 (SDNY)…………………………………………7
*Artemide Inc. v. Spero Elec. Corp.*, 2010 U.S. Dist. LEXIS 136870, 2010 WL 5452075 (EDNY. Nov. 23, 2010) ……………………………………………………………......7
*New York State Ass'ssn for retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983…………………………………………………………………………………..9
*Davis v. City of New Rochelle,* 156 F.D.R. 549, 560 (S.D.N.Y. 1994…………………...10
*Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183-84 (2d Cir. 1996)…………………10
*Natural Resources Defense Counsel, Inc. v Fox*, 129 F. Supp. 2d 666,675 (SDNY 2001)…………………………………………………………………………………..10
*Trichilo v. Secretarty of Health and Human Services*, 823 F.2d 702 (2d Cir. 1987), reaff'd and extended*, 832 F.2d 743 (2d Cir. 1987)…………...……………………….10
*LeBlanc-Sternberg*, 143 F.3d at 763……………………………………………………11
*U.S. Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989)...11

**Federal Statutes**

42 U.S.C. § 1988 ................................................................................................................ 2

42 U.S.C. § 1983 ................................................................................................................ 4

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 15(a)… .................................................................................................... 2

# A) INTRODUCTION

1) <u>**Incident**</u>

Plaintiff Ikia Johnson ("Ms. Johnson") was referred to Peterson Delle Cave LLP shortly after criminal charges against her were dismissed in June 2011. Her arrest arose from an incident at a family barbeque, where a male New York City Police Department ("NYPD") Police Officer Joseph Villalta, ("PO Villalta), started to search and pat-down Ms. Johnson despite being informed that she was female. When PO Villalta touched Ms. Johnson's vagina through her jeans, Ms. Johnson objected, at which point PO Villalta punched her in the face. Ms. Johnson was charged with *inter alia* resisting arrest. All charges were dismissed against Ms. Johnson after her second court appearance. <u>See</u> *Declaration of Duncan Peterson in Support of Plaintiff's Motion for Attorneys' Fees and Costs*, dated September 22, 2014. ("Peterson Decl.") ¶¶ 60-79.

2) <u>**Filing: 2011 EDNY**</u>

Plaintiff commenced this action on December 20, 2011, by filing a Complaint in the Federal Court for the Eastern District of New York ("EDNY") for claims of false arrest, excessive force, and improper search and seizure against New York City and Members of New York City Police Department ("NYPD"). Defendants New York City ("the City") stalled on settlement negotiation almost immediately following their initial 'low ball' settlement offer at the court conference in June 2012. The City then failed to make any further settlement offer until a pre-conference trial date had been set and the case was ready for trial – despite a recommendation for settlement at the Initial Conference in April 2012. <u>See</u> Peterson Decl. ¶¶ 79-110.

The litigation was drawn out for more than two years due to the City's failure to properly litigate the case and the City's attorneys' consistent failure to meet discovery deadlines. Only one week before a final pre-trial conference, after all discovery was completed and the Joint Pre-trial Order filed, did the City finally address serious settlement negotiations. At this point the City issued a Rule 68 Offer of Judgment considerably higher than their initial global offer made at the start of the litigation. Id at ¶110. Defendants, therefore, are fully responsible for the number of hours accrued by Plaintiff's attorneys in preparing this case up to trial, and the instant fee application.

**3)      Prevailing Party**

After more than two years of litigation, which included three depositions, multiple discovery requests, two amended complaints, and six court conferences, Plaintiff accepted a Federal Rules of Civil Procedure Rule 68 Offer of Judgment on January 27, 2014, for $25,000.00, "plus reasonable attorneys' fees and costs". See Offer of Judgment, attached as Exhibit D to Peterson Decl. Plaintiff is therefore entitled to attorneys' fees and costs of the litigation under 42 USC 1988 and Rule 54(d) of the Federal Rules of Civil Procedure. See *Hensley v. Eckhart*, 461 U.S. 424, 429 (1983). Moreover, in securing a Judgment in a police misconduct case, Plaintiff has contributed value to the public in deterring such conduct in the future. See *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986).

## B) THE COURSE OF THE LITIGATION

1) <u>Investigation</u>

The allegations in this case are extremely disturbing: that a large male Police Officer grabbed a small female in the vagina, then punched her in the face when she objected to this outrageous violation. Mr. Peterson and Mr. Delle Cave, therefore, spent a lot of time at the start of the case investigating Plaintiff's version of events, including meeting and speaking with Plaintiff and witnesses, as well as visiting the location.

2) <u>Discovery</u>

Paper discovery involved numerous discovery requests and responses, both before and after depositions. Issues arose *inter alia* relating to whether Ms. Johnson's orbital bone was actually fractured (which it was); the identity of the police officer who punched Ms. Johnson in the eye; and the chronology and version of events. Mr. Peterson and Mr. Delle Cave, therefore, spent numerous hours on discovery requests and speaking with non-parties. As discovery concluded the City made it clear that settlement was not likely and that they wished to move forward to trial. As a result, Mr. Peterson and Mr. Delle Cave started their trial preparation. Mr. Delle Cave and Mr. Peterson were extremely familiar with Defense counsel, the excellent Ben Kuruvilla, since he had been the lead attorney against them for the City in *Spero v City of New York*, which resulted in a verdict for defendants. <u>Id</u> at ¶57.

3) <u>Trial Preparation</u>

Judge Eric Italian's Individual Rules of Practice are explicit in that "only exhibits listed will be admitted at trial" and "only witnesses listed will be permitted to testify absent prompt

3

notice and good cause". See *Judge Eric N. Vitaliano's Individual Motion Practice and Rules*, attached to Peterson Decl. as Exhibit C.  It is a golden rule amongst trial attorneys that 'a trial attorney is only as good as her preparation'.   As experienced trial attorneys, Mr. Peterson and Mr. Delle Cave knew and understood the imperative of filing a Joint Pre-Trial Order ("JPTO"), which would give Plaintiff her best possible chance at trial.  Mr. Peterson and Mr. Delle Cave prepared the JPTO accordingly. Only after the JPTO has been prepared did the City make their Rule 68 Offer of Judgment.

## C) ARGUMENT

**PLAINTIFF SHOULD RECOVER HER FULL ATTORNEYS' FEES AND COSTS FOR THE WORK PERFORMED ON THE LITIGATION AND THE INSTANT FEE APPLICATION**

**1) <u>Plaintiff is a Prevailing Party Entitled to Costs, Including Reasonable Attorneys' Fees</u>**

42 U.S.C. $1988 provides that "[i]n any action or proceeding to enforce a provision of section …1983 [of  this title]…the court, in its discretion, may allow the prevailing party … a reasonable attorneys fee as part of the costs."  While the statue invokes the court's discretion, there is a presumption that prevailing civil rights plaintiffs should recover reasonable attorneys' fees, unless special circumstances would render such an award unjust. See *Hensley*, 461 U.S. at 429.  A plaintiff is considered the "prevailing party" if [s]he "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Id at 433.  Here, Ms. Johnson unquestionably meets that standard, as she obtained a Judgment in her favor for $25,000.00.  Moreover, the City's Rule 68 offer of Judgment explicitly states that Plaintiff is entitled to reasonable attorneys' fees. See Offer of Judgment, attached as Exhibit D to Peterson Decl.

4

**2)** <u>**The "Lodestar" Method of Determine a Reasonable Fee**</u>

The Supreme Court noted that Section 1988 "does not explain what Congress meant by a 'reasonable' fee, and therefore the task of identifying an appropriate methodology for determining a reasonable fee was left for the courts." The Supreme Court adopted the "lodestar method" and stated "[t]he most useful starting point to determine the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the lawyer's services" *Hensley* 461 U.S. at 37; *Luciano v. Osten Corp.*,109F3d 111 (2d Cir. 1997). With respect to determining the reasonable hourly rate, "the lodestar looks to the prevailing market rates in the relevant community." *Perdue v. Kenny A*, 45 U.S., 130 S.Ct 1662 (2010) at 1672 (quoting *Blum v. Stencon*, 465 U.S. 886, 895 (1984))..

**3)** <u>**The Hourly Rates Requested are Reasonable**</u>

As an initial matter, it should be noted that in determining the prevailing rate the Court should consider that "**current rates, rather than historical rates, should be applied in order to compensate for the delay in payment**". *A.R. v NYC Dep't of Education* 407 F.3d 65, 83 (2d Cir. 2005) (emphasis added). This is an extremely important point, as a decision on this current application will not come until at least three years after the case was filed, at the earliest. Most attorneys do not wait three years for their paychecks. Moreover, the drawn-out length of this litigation is entirely the fault of defendants.

### i) Mr. Peterson's Hourly Rate

Mr. Peterson's requested hourly rate of $350.00 is reasonable. As an initial point, Mr. Peterson was awarded an hourly rate of $325.00 in the case of *Hassan v. New York City et al*. 11-CV-05382. That case was settled in February 2013, almost exactly one year before this case was settled. Mr. Peterson is, therefore, asking for an increase of $25.00: approximately a seven percent increase.

Mr. Peterson gained a considerable amount of experience through 2013, specifically, in his work on Section 1983 actions against NYPD involving claims for false arrest, malicious prosecution and excessive force. During 2013, Mr. Peterson commenced seven new Section 1983 actions in Federal Court in the EDNY – all involving claims against NYPD for, *inter alia,* false arrest, malicious precaution, and excessive force. In the same period, Mr. Peterson concluded nine similar type actions in EDNY. See *List of Cases Listing Duncan Peterson as Lead Attorney* attached as Exhibit A to Peterson Decl. Mr. Peterson's work on these actions ran the gamut from drafting and filing complaints to motion practice and settlements.

In 2013, Mr. Peterson also commenced eight new actions in Federal Court in the Southern District of New York ("SDNY.") - involving claims against the NYPD for *inter alia,* false arrest, malicious precaution, and denial of right to a fair trial. In the same period, Mr. Peterson concluded six similar type actions in SDNY. Id. Again, work performed in these actions ran the gamut from the commencement of the action to carrying out motion practice and trial.

Notably, Mr. Peterson was trial counsel and lead attorney in *Faulk v City of Yonkers*, 12-CV-5120 (SDNY) (involving allegations of excessive force and improper search). The City of Yonkers adopted a similarly tough stance on settlement during litigation, with the result that the case went to trial at the end of October 2013. Mr. Faulk was awarded both compensatory and punitive damages. As the prevailing party, plaintiff was entitled to attorneys' fees and costs. While there was no application to the Court (as the attorneys fees and costs were settled in advance) Mr. Peterson's agreed upon reasonable hourly rate was $450.00. See Peterson Decl. ¶23.

In light of this, Mr. Peterson's request for an hourly rate of $350.00 is reasonable and inline with a partner in a small law firm with five years of experience. See *Artemide Inc. v. Spero Elec. Corp.*, 2010 U.S. Dist. LEXIS 136870, 2010 WL 5452075 (EDNY. Nov. 23, 2010) "Current prevailing rates for partners in the Eastern District range form $350.00 to $450.00. Moreover, Mr. Peterson's billable hourly rate in commercial cases is $500.00. Accordingly, Mr. Peterson's request for an hourly rate of $350.00 is reasonable.

### ii) Mr. Delle Cave's Hourly Rate

Mr. Delle Cave's requested rate of $350.00 is reasonable. As with Mr. Peterson, Mr. Delle Cave' was awarded an hourly rate of $325.00 in the case of *Hassan v. New York City*. As with Mr. Peterson, Mr. Delle Cave is asking for an increase of $25.00: approximately a seven percent increase.

Mr. Delle Cave was admitted as an attorney in New York in 2006 and trained as an Assistant District Attorney in the elite New York County District Attorney's Office, where he prospered and excelled, trying more than twenty cases in his first three years with the office –

7

almost double the amount of any other ADA who joined the office at the same time. Since forming PetersonDelleCave LLP in 2009, the firm has handled in excess of one hundred 1983 NYPD cases.

Mr. Delle Cave also gained a considerable amount of experience through 2013, specifically, in his work on Section 1983 actions against NYPD involving claims for false arrest, malicious prosecution and excessive force.

During 2013, Mr. Delle Cave commenced five new Section 1983 actions in Federal Court in the EDNY and concluded nine similar type actions. See *List of Cases Listing Mr. Delle Cave as Lead Attorney* attached as Exhibit B to Peterson Decl. Also in 2013, Mr. Delle Cave commenced four cases and concluded seven similar cases in the SDNY, including a six-figure settlement. Id. In addition, Mr. Delle Cave was lead criminal defense attorney in two criminal trials in New York, both of which resulted in acquittals for his client.

Accordingly, Mr. Delle Cave's request for an hourly rate of $350.00 is reasonable.

### iii) Mr. Anderson's Hourly Rate

Mr. Anderson's requested hourly rate of $100.00 is reasonable. Mr. Anderson is a fully qualified lawyer in Scotland, having graduated from Edinburgh University in 2007 and trained with one of Scotland's largest and most prestigious law firms, Brodies LLP. Moreover, Mr. Anderson passed the New York Bar Examination in February 2014 and was admitted as an attorney in New York in September 2014. Mr. Anderson was awarded an hourly rate of $100.00 in the case of *Hassan v. New York City et* al, which was a rate agreed upon by the City.

Accordingly, his requested hourly rate of $100.00 in this case is entirely reasonable.

**4)** <u>The Time Expended By Plaintiff's Counsel Was Reasonable</u>

The Supreme Court has noted that a reasonable hourly fee will normally encompass all hours reasonable expended in this litigation. *Hensley*, 461 U.S. at 435. A party seeking fees bears the burden of supporting its claims of hours expended by accurate, detailed and contemporaneous time records. <u>See</u> *New York State Ass'ssn for retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Here, Mr. Peterson and Mr. Delle Cave have submitted detailed, accurate and contemporaneous records maintained by Peterson Delle Cave LLP. <u>See</u> *Attorneys Fees & Costs in Johnson v. City of New York et al*, attached as Exhibit E to Peterson Decl. The records detail the activities and work performed by Mr. Peterson, Mr. Delle Cave, and Mr. Anderson respectively.

- Mr. Peterson performed 151.5 hours at an hourly rate of $350.00, so Plaintiff is requesting $53,025.00 for his work.

- Mr. Delle Cave performed 34.5 hours at an hourly rate of $350.00, so Plaintiff is requesting $12,075.00 for his work.

- Mr. Anderson performed 7 hours of paralegal work at an hourly rate of $100.00, so Plaintiff is requesting $700.00 for his work.

As set forth in Peterson Decl., defendants consistently failed to meet deadlines, failed to respond to discovery requests and refused to properly address settlement until after the JPTO was filed and a date for trial set and, as a result, Mr. Peterson and Mr. Delle Cave's work was necessary and imperative. <u>See</u> *Peterson Decl.* ¶¶ 79-110. Therefore, defendants are entirely responsible for the number of hours expended in this case.

9

The attorneys' fees sought in this application include the time spent preparing the instant fee application. It is well settled that attorneys should be compensated for "time reasonably spent by plaintiff's attorneys in establishing their fee pursuant to fee-shifting statures, such as §1988" *Davis v. City of New Rochelle,* 156 F.D.R. 549, 560 (S.D.N.Y. 1994) (quoting *Gagne v. Maher*, 594 F.2d 336, 344 (Cir. 1979), aff'd , 448 U.S. 122(1980)); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183-84 (2d Cir. 1996); *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The time submitted for preparing this fee application is 36.15 hours, which is approximately 18% of the total time claimed for work on this case. "The Second Circuit has upheld fee awards where the time spent on the fee application was up to 24% of the total time claimed…[and] other courts within this Circuit have awarded fee application awards in the range of 8 to 24 percent of the total time claimed" *Natural Resources Defense Counsel, Inc. v Fox*, 129 F. Supp. 2d 666,675 (SDNY 2001) (quoting *Davis*, 156 F.R.D. 549, 561 (SDNY 1994)); See *Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702 (2d Cir. 1987), *reaff'd and extended*, 832 F.2d 743 (2d Cir. 1987) (approved fee application constituting 24% of total time claimed).

### 5) Plaintiff is Entitled to Recover Reasonable Out-of-Pocket Expenses

Pursuant to 42 USC §1988 and Federal Rule of Civil Procedure 54(d), Plaintiff seeks an award of reasonable out-of-pocket expenses in this case. As a prevailing party, Plaintiff is entitled to recover such expenses incurred during the litigation that would normally be charged to a fee-paying client. The non-taxable expenses of this litigation are included in *Attorneys Fees & Costs in Johnson v. City of New York et al* attached to the Peterson Decl. as Exhibit E. These expenses are of the type routinely billed by attorneys to fee-paying clients and were actual and

necessary costs incurred to prosecute the case. See e.g. *LeBlanc-Sternberg*, 143 F.3d at 763; *U.S. Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989). The total non-taxable out-of-pocket expenses incurred by Plaintiff is $1,299.10.

### D) CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court award a total of $67,099.10 as attorneys' fees and costs to Plaintiff as a prevailing party in this litigation, in the following amounts:

a) Attorneys' fees to Duncan Peterson at the rate of $350 per hour for 151.5 hours spent on this litigation through the date of this application for a total of $53,025.00;

b) Attorneys' fees to Justin Delle Cave at the rate of $350 per hour for 34.5 hours spent on this litigation through the date of this application for a total of $12,075.00;

c) Attorneys' fees to Malcolm Anderson for paralegal tasks at the rate of $100.00 per hour for 7 hours spent on this litigation through the date of this application for a total of $700.00.

d) Reasonable costs and expenses in the amount of $1,299.10; and

e) Such other costs and expenses as may be incurred hereafter

Dated:    September 22, 2014
              New York, New York

Respectfully submitted,

_____/s/_____
Duncan Peterson
PETERSONDELLECAVE LLP
The Woolworth Building
233 Broadway, 18th Floor
New York, New York 10279
(212) 240-9075

11