IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 11 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
IKIA JOHNSON,

                    Plaintiff,

            -against-

CITY OF NEW YORK and JOSEPH VILLALTA,
individually, and in his capacity as a member of
the New York City Police Department,

                    Defendants.
------------------------------------------------------------- x

MEMORANDUM & ORDER

11-CV-06176 (ENV) (CLP)

VITALIANO, D.J.

    Plaintiff Ikia Johnson brings this action against defendants the City of New York ("the City") and Police Officer Joseph Villalta, alleging violations of her constitutional rights based on her alleged false arrest and the use of excessive force during that arrest, all of which is alleged to have taken place on March 27, 2011. Following discovery, plaintiff accepted defendants' Offer of Judgment on January 27, 2014. Pursuant to 42 U.S.C. § 1988, plaintiff moved for an award of $72,149.10 in attorneys' fees and costs incurred while litigating the case.

    On February 25, 2015, Magistrate Judge Cheryl L. Pollak issued a Report and Recommendation (R&R) on the attorney's fees and costs sought by plaintiff. Defendants filed a timely objection to that R&R, which found that: (1) the amount of hours plaintiff's counsel spent on the case was reasonable; (2) counsel should be awarded "fees on fees" for preparing this motion; (3) delays or extensions in discovery justified plaintiff's requested hours in this case; (4) failure of settlement discussions at the outset of the case justified plaintiff's subsequent billing; (5) an "across-the-board" percentage cut in the bill is unwarranted; and (6) plaintiff's counsel's

rates should be at $350. After applying the requisite standards of review, the Court adopts Magistrate Judge Pollak's thorough and compelling R&R as the opinion of the Court, with the exception of an additional cut of five hours with respect to fees on fees awarded.

Background

On December 20, 2011 Johnson filed what was then a "John Doe" complaint that alleged the instant false arrest and excessive force claims, pursuant to 42 U.S.C. § 1983, claiming violation of the Fourth and Fourteenth Amendments to the United States Constitution. Compl., Dkt. No. 1, ¶¶ 1-3. The complaint was amended to join Police Officer Joseph Villalta as a defendant on April 18, 2012. Am. Compl., Dkt. No. 8, ¶ 7. The amended complaint alleges that, on March 27, 2011, Officer Villalta assaulted Johnson and then arrested her without legal justification or probable cause. See id. at ¶¶ 17-26. As plaintiff relates it, at approximately 1:30 a.m. that morning, a group of police officers approached her outside of her cousin's home and informed her she would be searched. Id. at ¶¶ 12-17. Officer Villalta accused Johnson of being male, and denied her request to be searched by a female officer. Id. at ¶¶ 18-19. Despite insistence by Johnson's friends and family that she was a woman, Officer Villalta, it is alleged, persisted in his decision, grabbed her vagina, and then punched her in the eye. Id. at ¶¶ 23-25. As a result, Johnson's eye socket was fractured. Id. at ¶ 31. Johnson says she was then arrested without cause. Id. at ¶ 26. The arrest led to a criminal case that was adjourned in contemplation of dismissal, id. at ¶ 30, and the charges were eventually dismissed. Report & Recommendation, Feb. 25, 2015, Dkt. No. 43 at *3 ("R&R").

An initial conference between the parties in this case arising out of that incident was held on April 11, 2012. Id. Following this conference, defendants delayed complying with requests for discovery on several occasions. Id. at 3-5. Eventually, the plaintiff was served and accepted

2

defendants' Offer of Judgment for $25,000.01. *Id.* at 5, 30. However, the parties could not resolve the issue of attorneys' fees at the settlement conference that was held on July 29, 2014. *Id.* The present motion followed.

On February 25, 2015, Magistrate Judge Pollak issued an R&R recommending that plaintiff's counsel be awarded $67,350 in fees and $1,299.10 in costs. *Id.* at 31. These figures were derived from the following calculations: $350 as a reasonable hourly rate for plaintiff's attorneys Duncan Peterson and Brian Delle Cave; $100 as a reasonable hourly rate for paralegal Malcolm Anderson; 198[1] hours for preparation on the Joint Pre-Trial Order, work on the instant fee application, as well as other billable work, such as legal research, preparing witnesses for depositions, and reviewing and responding to discovery requests. *Id.* at 16, 17-29.

Defendants, as noted, object to Judge Pollak's recommendations, arguing that: (1) the amount of hours plaintiff's counsel spent on the case was excessive; (2) counsel should not have been awarded "fees on fees" for preparing this motion; (3) delays or extensions in discovery did not justify plaintiff's requested hours in this case; (4) failure of settlement discussions at the outset of the case did not justify plaintiff's subsequent billing; (5) an "across-the-board" percentage cut of plaintiff's bill is warranted; and (6) that plaintiff's counsel's rates are unreasonable. There is no objection to the remaining recommendation findings that $100 be found as an appropriate hourly rate for Anderson, the paralegal, and concluding that the award of

---

[1] Although plaintiff's counsel originally requested $700 for Anderson's 7 hours of work, counsel reduced the requested fees to $500. R&R at 2 n.3. Accordingly, while the R&R accounts for 198 hours, given this voluntary reduction, plaintiff's counsel, essentially, is only credited for 196 hours of billable work, with 191 at $350 allotted to Peterson and Delle Cave's hours, and 5 at $100 for Anderson's time.

3

the attorney should not be reduced in light of the size of the $25,000 recovery. Nor was there objection to $1,299.10 awarded for cost.[2]

## Standard of Review

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Moreover, in conducting its review, the district "court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation, provided no timely objection has been made. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). But, where objections have been made, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010).

## Discussion

The Court has reviewed Magistrate Judge Pollak's R&R, and finds its overall analysis to be thoughtful, well-reasoned, and thorough. Because the Court finds the unobjected-to portion of the R&R to be correct and free of error, the Court adopts those portions of the R&R in their entirety and without modification as the opinion of the Court.

---

[2] Plaintiff's letter in support of the R&R notes agreement with the recommendations in their entirety, with the exception of Magistrate Judge Pollak's recommendation of a five-hour reduction of billable time for the work on the litigation and five-hour reduction for the work on the instant application. Pl.'s Reply in Support of Report and Recommendation, Mar. 19, 2015, Dkt. No. 45. However, no formal objection was made, and the Court agrees that Magistrate Judge Pollak's reductions were warranted, given the straightforward nature of these aspects of the litigation. Accordingly, it is unnecessary to address this issue further, except to find that, if the letter was intended to advance an objection, on *de novo* review that objection is overruled.

4

Upon *de novo* review, the Court also adopts the balance of Judge Pollak's recommendations for attorney fees and overrules defendants' objections, which can be categorized as objections to: (1) the number of billable hours awarded; (2) the hourly rate used for plaintiff's counsel; and (3) the denial of category-based reductions.

I. <u>Billable Hours</u>

Defendants attack the recommended finding of 198 billable hours, arguing that it is unreasonable because: (1) the amount of hours claimed was excessive and should have been reduced; (2) any scheduling extensions or delays in discovery do not justify the hours requested; and (3) the lack of early settlement does not justify the hours requested.

There is no disagreement that it is within the district court's discretion to calculate a reasonable attorney's fee. *Medina v. Donaldson*, No. 10-CV-5922 (VMS), 2015 WL 77430, at *2 (E.D.N.Y. Jan. 6, 2015). This calculation is comprised of two primary factors: the hourly rate and the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). The evidence provided by the prevailing party's attorney is the baseline for evaluating the amount of hours to be paid. *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). This number is merely the threshold amount; the district court must assess this evidence and make adjustments accordingly. *See id.* at 1146. In particular, the award determination must "exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434. This evaluation of "reasonable hours" requires the awarding court to use "'its own familiarity with the case . . . and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (citations omitted).

Judge Pollak's recommendation for 198 hours was derived from the following calculations: 191 hours of work performed by Peterson and by Delle Cave, and 7 hours of paralegal work. This is a 10 hour deduction from the hours billed by plaintiff's attorneys, which was comprised of 165.5 hours of work performed by Peterson, 35.5 hours of work performed by Delle Cave, and 7 hours performed by Anderson. R&R at 17. Judge Pollak's deductions of Peterson and Delle Cave's time[3] were sourced from hours spent on preparing for the pre-trial order, and from hours spent on the instant fee application. R&R at 26, 29.

Defendants contend in the main that unnecessary and redundant hours were spent litigating plaintiff's case. Objection to Report & Recommendation, Mar. 16, 2015, Dkt. No. 44 at 4-14. ("Objection"). In particular, they cite to the relatively straightforward nature of the issues, the disconnect between number of hours spent on discovery and the confined nature of the facts, the excessive time allotted to preparation for the pre-trial order, and duplicate billing by Peterson and Delle Cave. *Id.* They also attack the award of hours as ballooned by the limited attorney's experience with civil litigation and § 1983 cases in particular. Far from reasonable, they claim, the hours sought by the plaintiff are excessive.

Narrow attacks on a fee award must be viewed with overall perspective. For example, the complexity of a given litigation does not necessarily determine the number of hours an attorney must work to properly prepare a matter. Just as Judge Pollak noted, the "litigation pursued by [plaintiff's] adversaries" here reasonably required more time than is typical for this sort of litigation. R&R at 25. The Court places great stock in the overall assessment of the very seasoned Magistrate Judge who supervised discovery and concluded that the manner in which

---

[3] Judge Pollak did not specify whether the deduction should be taken from Peterson or Delle Cave's hours. *See* R&R at 26. However, since the Court finds *infra*, Section II, that both attorneys are reasonably awarded $350 for their services, further parsing is unnecessary.

the litigation was conducted by defendants required more time expended by plaintiff. Defendants' decision to litigate its case through depositions, what Judge Pollak perceived as their failure to comply with discovery obligations, and their unreadiness to discuss settlement issues contributed to the time plaintiff's attorneys expended. Judge Pollack merely found the obvious: that if other litigation choices had been made more akin to the norm, less time would have been required of plaintiff's counsel. *See* R&R at 24-25. Defendants point to the relatively limited amount of document discovery. Given those choices, the time spent on discovery both offensive and defensive was not inordinate. To that same end, Judge Pollak did agree with defendants that some hours should be reduced for excessive time spent on the pretrial order. Plaintiff's counsel charged 30 hours for the six-page Joint Pretrial Order (JTPO). R&R at 18. The hours claimed, as Judge Pollak found, were "slightly high." R&R at 26. She reduced it by five hours, *id.*, an award this Court will not disturb.[4]

Courts, it is true, must be on guard to disallow unwarranted duplicative hours, though with legal teams conducting litigation some duplication is unavoidable. *See, e.g., De La Paz v. Rubin & Rothman, LLC*, No. 11 CIV. 9625 ER, 2013 WL 6184425, at *2 (S.D.N.Y. Nov. 25, 2013). This review is facilitated by a court's "own familiarly with the case." *Clarke*, 960 F.2d at 1153. Defendants invite the Court to target the work of Peterson and Delle Cave, who billed hours for similar tasks. Objection at 10-14. However, as Judge Pollak explained, much of this time was allotted to internal conferences of the legal team. *See* R&R at 21-22, 24-26. The need for such conferences was manifest given the obvious litigation challenges, such as evidentiary difficulties relating to the identification of Villalta, Johnson's difficulty in recalling some events after being punched, and developing a strategy to deal with discovery delays they wished to

---

[4] Defendants' objection seeking a further reduction is overruled.

attribute to defendants. To that end, Judge Pollak found that comprehensive discussion and preparation was necessary.[5] *Id.* After a *de novo* review of the record, there is no reason to disturb this assessment.

There is no doubt that, based on her experience, this case was litigated longer than Judge Pollak believes it should have been and that defendants' tardiness in coming to terms with the disposition was the chief cause. Defendants object that these delays do not warrant counsel's purported expenditure on the case. Objection at 18-20. Defendants also note that plaintiff's time submissions did not contain records certifying the additional time spent as a result of these delays. *Id.* at 18-19. The existence of a specially certified pigeonhole for these delays is not the issue. What is important is there are direct, quantifiable hours of work spent on discovery and trial preparation over the entire course of an unnecessarily protracted litigation, which, indeed, Judge Pollak found had occurred. Notably, the parties had eight conferences with Judge Pollak in connection with discovery, other management, and settlement, providing an eagle's perch for her conclusions. R&R at 21. Critically, as the Court finds on *de novo* review, the hours plaintiffs' counsel claim they expended was reasonable in the context of the manner in which it was litigated and that no untoward conduct attributable to them increased the hours expended, except as reduced by Judge Pollak.

Viewed from that perspective, the squabble over the failure to settle earlier and the attribution of fault is meaningless. A party cannot settle with itself; it takes both sides. But, when settlement is delayed, no party can complain that the other side continued to litigate (and rack up

---

[5] Judge Pollak observed, "[h]aving supervised discovery and having urged the parties on numerous occasions to settle this case and then again to settle the attorneys' fees issue, the Court is well aware of the unnecessary time spent by plaintiff's counsel in fully litigating a case that would likely have settled at close to the Rule 68 Offer of Judgment amount had such an amount been offered early on in the case." R&R at 24.

billable hours) in the interim, which is, essentially, what defendants seek to do. Objection at 20-21. Simply, without evidence of egregious bad faith negotiation by the party seeking an award of attorney's fees, there is no basis to reduce an otherwise reasonable fee request. *See Barcia v. Sitkin,* 683 F. Supp. 353, 358 (S.D.N.Y. 1988). Here, clearly, the record does not reflect that plaintiff harbored invidious intentions or negotiated in any way other than good faith.

II.  Hourly Rate

An attorney's reasonable hourly rate is that which a reasonable client is willing to pay in the Eastern District of New York for minimum amount of work "necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections,* 522 F.3d 182, 184 (2d Cir. 2008). This figure is calculated by assessing prevailing market rates for "similar services of lawyers of reasonable comparable skill, experience, and reputation." by *Blum v. Stenson,* 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984). This inquiry involves the awarding court's own knowledge of hourly rates charged in the area, the attorney's rates in previous cases, evidence submitted by the parties, and the nature of the work involved. *See Guaman v. Krill Contracting,* No. 14-CV-4242 (FB) (RER), 2015 WL 3620364, at *12 (E.D.N.Y. June 9, 2015) (citing *Arbor Hill,* 522 F.3d at 184 n. 2; *Farbotko v. Clinton Cnty. of New York,* 433 F.3d 204, 209 (2d Cir. 2005)).

The hourly rates awarded by judges of this Court in previous cases are tethered to attorney's experience and position within his or her firm. As benchmarks, judges of this Court have awarded between $300 and $450 for partners in large law firms and for attorneys with extensive experience with the particular issues of a case; between $200 and $325 for senior associates and for attorneys with limited experience with the particular issues involved in the subject case; and $100-$200 for junior associates, or attorneys with little or no experience with

the particular issues. *Sheet Metal Workers' Nat. Pension Fund v. Coverex Corporate Risk Solutions*, No. 09-CV-0121 (SJF) (ARL), 2015 WL 3444896, at *10 (E.D.N.Y. May 28, 2015) (reviewing recent decisions from the Eastern District of New York) (citations omitted). For recent § 1983 cases, attorneys in this district have been awarded between $350 and $450 per hour. *See, e.g., Andrews v. City of New York*, No. 14-CV-4845 (JBW) (JO), 2015 WL 2237060, at *3 (E.D.N.Y. May 12, 2015) (awarding $425 an hour to attorney) *Hargroves v. City of New York*, No. 03-CV-1668 (RRM) (VMS), 2014 WL 1271039 at *4 (E.D.N.Y. Mar. 26, 2014) (approving hourly fees of $450 and $400); *Medina* at *9 (finding a $350 hourly rate to be reasonable). Though large firms often bill at higher rates than small or solo firms, "courts should not automatically reduce the reasonable hourly rate based solely on an attorney's status as a solo practitioner." *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 261-62 (E.D.N.Y. 2014) (citation and quotation omitted). Instructively, courts in this district have made awards of $300 to $425 per hour to experienced solo practitioners in civil rights cases. *Id.* at 262; *see Struthers v. City of New York*, No. 12-CV-242, 2013 WL 5407221, at *7 (E.D.N.Y. Sept. 25, 2013) (collecting cases documenting awards in the range of $300 to $400).

Given this criteria, plaintiffs argue that $350 is a reasonable hourly rate. Defendants strike back that a lower rate of $300 per hour is a more appropriate rate for Peterson and Delle Cave, who are named partners at their small firm. R&R at 9. Indeed, they are the sole attorneys at their firm. Objection at 24. Peterson has been the lead counsel in 87 cases in federal court. R&R at 9. He has also filed more than 100 § 1983 cases involving the New York City Police Department, the majority of which have involved claims akin to those advanced by Johnson: false arrest, excessive force, and malicious prosecution. R&R at 9. Delle Cave has been lead

counsel in approximately 30 cases in federal court. *Id.* at 10. Defendants demur, the claimed experience does not warrant a top dollar $350 an hour rate.

History suggests otherwise. Courts in the district have recently awarded attorneys of similar proficiency and stature this figure for § 1983 cases. *See, e.g., Stone v. Port Auth. of New York & New Jersey*, No. 11-CV-3932 (SMG), 2015 WL 1840622, at *4-5 (E.D.N.Y. Apr. 22, 2015) (awarding $350 to a practicing attorney of eight years with involvement in more than 30 civil rights actions); *Struthers*, 2013 WL 5407221, at *8 (deeming $350 to be an appropriate hourly rate for a civil rights lawyer with approximately 13 years of experience); *Palmer v. Cnty. Of Nassau*, 977 F. Supp. 2d 161, 167, 169 (E.D.N.Y. 2013) (granting $350 an hour to an attorney with 9 years of experience and president of his own law firm). Although, as defendants catalog, attorneys with more experience than Peterson or Delle Cave have also received $350 an hour, Judge Pollak observed that those awards were four or five years old, or dealt with limited awards in the narrow context of motions for sanctions or remand. R&R at 11. In any event, it is but a factor for consideration, and the standard here is what is *reasonable*. There is district precedent for the higher amount and, based on her firsthand observations, Judge Pollak found that plaintiffs' counsel had earned it. The award of $350 per hour is, the Court finds, a reasonable amount for both Peterson and Delle Cave and there is no basis on *de novo* review to disturb it.

This finding is further buttressed by examining the other benchmarks for reasonableness: Peterson and Delle Cave's rates in previous cases, and the nature of the work. With respect to their general billing practices, each partner in plaintiff's counsel's firm charges their fee-paying clients $500 an hour. R&R at 9. But for their work on a § 1983 case handled in 2014, Peterson and Delle Cave each earned $325. *Id.* at 11. Though the award here is at a slightly higher hourly rate, both are reasonable and Judge Pollak's award based on her intimate knowledge of the

litigation is certainly not excessive. Given the similarities with the comparator litigation, defendants' argument that the nature of the work actually performed does not warrant the application of the higher rate, see Objection at 25, is without merit. The Court finds that Judge Pollak's recommendation as to hours and hourly rate meet the *Arbor Hill* standards.

   III.   Other Reductions to Fees Owed

   *A. Fees on Fees*

It is within a judge's discretion to award fees in connection with the fee application by an attorney seeking an award of attorney's fees. *Mawere v. Citco Fund. Servs. (USA) Inc.*, No. 09-CV-1342, 2011 WL 6779319, at *7 (S.D.N.Y Sept 16, 2011), *adopted by* 2011 WL 6780909 (S.D.N.Y. Dec 27, 2011). The Second Circuit courts do not follow a uniform practice of awarding "fees on fees." *Compare Long v. City of New York*, No. 09-CV-6099, 2011 U.S. Dist. LEXIS 81020, at *5 (S.D.N.Y. Aug. 6, 2010) (denying a fee on fee award following a Rule 68 judgment) *with Rosado v. City of New York*, No. 11-CV-4285, 2012 WL 955510, at *6 (S.D.N.Y. Mar. 15, 2012) (permitting recovery of reasonable fees, over objection, for preparing fee application following a Rule 68 judgment). This decision rests in the Court's evaluation of whether the incurred costs for the fee application were reasonable. *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("[A] reasonable fee should be awarded for time reasonably spent in preparing an application for ... fees."); *Valley Disposal, Inc., v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1059 (2d Cir. 1995) (noting that a court should "evaluate the costs of preparing the [fee] motion no differently from the costs of litigating the underlying case.").

Johnson's attorneys request upwards of 40 hours' time for preparation of the instant fee application. *See* Pl. Reply Mem., Nov. 3, 2014, Dkt. No. 41, Ex. 14. Defendants assert that this amount of time is excessive and should categorically be excluded from the fee award.

Alternatively, if allowed at all, they argue the award should be significantly reduced. *See* Objection at 15-18. In support of their argument, defendants point out that plaintiff's application was repetitious and rife with unnecessary facts. *Id.* at 17. Judge Pollak was sympathetic. She found that plaintiff's papers were at times redundant, and, as a result, deducted five hours from the award.[6] R&R at 29. However, Judge Pollak rejected defendants' argument that plaintiff included unnecessary detail in accounting their background and experience. *Id.* at 28. As Judge Pollak observed, plaintiff's counsel were required to vigorously defend their qualifications and experience to justify their requested rate. *Id.*

Since there is no categorical bar to the award of "fees on fees" as part of the award of counsel fees, *see Mawere,* 2011 WL 6779319, at *9 (quoting *Gagne v. Maher,* 594 F.2d 336, 334 (2d Cir. 1979) *aff'd* 448 U.S. 122 (1980)), the Court accepts Judge Pollak's recommendation that they be awarded. The Court also agrees with Judge Pollak's reasoning and conclusion that the fee on fee application overstated the number of hours reasonably expended to advance plaintiff's fee application. Especially given the quite ministerial nature of applications in the context of the overall request for fees, the Court further finds that the deduction taken by Judge Pollack of five hours was not deep enough. The Court disagrees, also, with the conclusion that the change in defendants' counsel justified the belaboring of facts obviously well-understood by Judge Pollak and clearly memorialized publicly on the docket. An additional reduction by five hours, to an allowable adjusted hourly total of 30 hours, is ordered.

*B. Across the Board Cuts*

"Across the board cuts" to attorney's fees are warranted when "redundant or otherwise unnecessary hours" are charged. *Green v. City of New York,* 403 Fed. App'x. 626, 630 (2d Cir.

---

[6] This deduction was also attributed to calculation errors in the reply papers. R&R at 29.

13

2010). Should such cuts be appropriate, a uniform percentage should be deducted from the total fee award. *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1988). *De novo* review of the record in the light of the targeted excisions made to plaintiff's fee requests supports Judge Pollak's conclusion that Johnson's counsel did not engage in overbilling that would justify an across the board reduction. *See* R&R at 16. Her recommendation not to impose such a cut is sustained.

## Conclusion

For the foregoing reasoning, the Court adopts Magistrate Judge Pollak's Report & Recommendation, excepting that an additional five hours be deducted from the computation of hours spent on the fee application. Plaintiffs are awarded judgment in the amounts of $65,600.00 in fees and $1,299.10 in costs.

The Clerk of Court is directed to enter judgment that reflects the award of attorney's fees and costs as set forth in this memorandum and order, and close this case.

So Ordered.

Dated: Brooklyn, New York
January 30, 2016

Judge Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Judge